UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MCKAY, et al.,<br>    Plaintiffs,<br>v.<br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br>    Defendants.<br><br>NEIL SCHAEFER, et al.,<br>    Plaintiffs,<br>v.<br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br>    Defendants. | Case Nos. 16-cv-03561 NC, 16-cv-03564 NC (CONSOLIDATED)<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 12, 24, 27, 61 (McKay);<br><br>12, 33, 35, 51, 85 (Schaefer) |

On a winter day in 1903, on the remote Outer Banks of North Carolina, two courageous brothers from Ohio launched the age of flight.[1]

Yet the age of flight has not been without turbulence. In 1908, a broken propeller caused Orville Wright to crash his airplane and kill a passenger.[2] One can imagine that the Kitty Hawk neighbors were both excited and apprehensive when the first airplane soared over head.

---

[1] DAVID MCCOLLOUGH, THE WRIGHT BROTHERS 105 (2015).
[2] *Id*. at 191-92.
Case Nos. 16-cv-03561, 16-cv-03564 NC

In the ensuing century of discovery, airplanes have grown in speed, size, and sound, now carrying passengers and cargo continuously among airports across the globe.

One intractable challenge of flight is presented in the two consolidated lawsuits before the court. Plaintiffs are residents of Santa Cruz and San Mateo Counties who own or occupy properties in the flight paths for airplanes descending to San Francisco International Airport (SFO) and San Jose International Airport (SJC). Plaintiffs allege that on March 5, 2015, airplanes began using new flight paths that go over their properties. These new flight paths have caused plaintiffs harm by "dramatically increasing the amount of noise, disturbance and pollution" to plaintiffs and their properties. Plaintiffs also claim the new flight paths have increased the risk of midair collisions.

Plaintiffs ask the Court to prohibit further use of the new flight paths and to order reversion to the old flight paths until impacts of the new flight paths can be studied. They also seek an award of damages under California state law to remedy the harms described in the complaints.

The Court is entirely sympathetic to the claims of the plaintiffs. The Court does not doubt that the plaintiffs have suffered harm from the airplane "highway in the sky" that has been directed over their homes.

The legal question presented is whether this Court has jurisdiction to grant the relief the plaintiffs seek. The federal trial courts are courts of limited jurisdiction, which means there are limits on the power of this Court. The Federal Aviation Administration (FAA) approved and administers the flight paths that are the source of plaintiffs' complaints. Congress, in enacting 49 U.S.C. § 46110, gave the federal court of appeals exclusive jurisdiction to "affirm, amend, modify, or set aside any part of" a final FAA order. Consequently, this Court must dismiss plaintiffs' complaints for lack of jurisdiction, because the complaints ask this Court to modify the FAA's approved flight paths. At bottom, this Court lacks authority to grant plaintiffs the relief they seek.

## I. BACKGROUND

The *McKay* plaintiffs, who are residents in Santa Cruz County, filed their case in Santa Cruz County Superior Court on March 7, 2016. McKay Dkt. No. 1 at 12. On April 18, 2016, the *Schaefer* plaintiffs, who are residents of Santa Cruz and San Mateo Counties, filed their case in the same court. Schaefer Dkt. No. 1 at 13. Plaintiffs in both cases want the Court to order defendants to follow the law, grant monetary damages, and to enjoin usage of the SERFR and BRIXX flight paths. McKay Dkt. No. 1 at 28-29; Schaefer Dkt. No. 1 at 20-21. Plaintiffs allege that as of March 5, 2015, defendants began using the SERFR and BRIXX flight paths, which fly over their properties. McKay Dkt. No. 1 at 23; Schaefer Dkt. No. 1 at 16. These "flight paths" are actually "standard terminal arrival routes," or "STARs," and are, put simply, air traffic control-coded arrival routes providing procedures to aircraft before reaching an arrival airport. FEDERAL AVIATION ADMINISTRATION, INSTRUMENT PROCEDURES HANDBOOK, Chapter 3.[3] In the interest of consistency, the Court will refer to STARs as "flight paths."

Both BRIXX and SERFR are flight paths to SJC and SFO, respectively, proposed in the FAA's July 2014, Final Environmental Assessment for Northern California Optimization of Airspace and Procedures in the Metroplex (NorCal OAPM).[4] These proposed flight paths were approved by the FAA in July 2014, in the Finding of No Significant Impact and Record of Decision for the Northern California Optimization of the Airspace and Procedures in the Metroplex ("FONSI/ROD").[5] Vice President of Mission Support Services Elizabeth L. Ray signed the FONSI/ROD, which found that the NorCal OAPM project would not have significant environmental impacts. *Id.* The FONSI/ROD stated it was a final decision of the FAA Administrator. FONSI/ROD at 13.

According to plaintiffs, for 30 years before, defendants used the BIG SUR flight path.

---

[3] Available at https://www.faa.gov/regulations_policies/handbooks_manuals/aviation/instrument_procedures_handbook/media/Chapter_3.pdf.
[4] Available at http://www.metroplexenvironmental.com/docs/norcal_metroplex/NorCal_OAPM_FEA_Complete.pdf.
[5] Available at http://www.metroplexenvironmental.com/docs/norcal_metroplex/NorCal_OAPM_FONSI-ROD.pdf.

Case Nos. 16-cv-03561, 16-cv-03564 NC    3

McKay Dkt. No. 1 at 23; Schaefer Dkt. No. 1 at 16. The BIG SUR path allegedly caused minimal noise complaints, but since SERFR began to be used, "there have been more than one hundred fifty thousand noise complaints from Santa Cruz County filed with SFO concerning" its use. McKay Dkt. No. 1 at 23; Schaefer Dkt. No. 1 at 16. Plaintiffs allege:

> 13. Upon information and belief, many aircraft using the new flight paths routinely fly at altitudes substantially below the designated floor for Class B airspace, fly at substantially higher speeds than allowed by FAA regulations and local noise regulations, and thus often employ loud "speed brakes" as they fly over Plaintiffs' properties. … [A]irlines could mitigate the nuisance by flying less or not at all during times that people are likely to be sleeping (e.g. 10pm to 7am), but they choose to not do so. No law or regulation forces them to fly during those times. In fact, no law or regulation forces them to fly at all.
>
> 14. Since the implementation of the new flight paths, Plaintiffs have experienced a dramatic and unreasonable increase in the amount of aircraft noise, disturbance and pollution in their community - in addition to an unreasonable increase in risk of midair collision due to Class B airspace and airspeed violations over their properties and/or community.
>
> ….
>
> 16. As a result, Plaintiffs' have been damaged from, without limitation, the increased noise, disturbance, pollution and risk of midair collision as aforesaid.

McKay Dkt. No. 1 at 23-24; Schaefer Dkt. No. 1 at 16-17.

The plaintiffs allege claims for continuing nuisance, negligence, negligence per se, willful misconduct, and unfair competition against various airlines,[6] the City and County of San Francisco, and the City of San Jose. McKay Dkt. No. 1 at 12; Schaefer Dkt. No. 1 at 13. Both cases share the same Prayer for Relief, in which plaintiffs seek:

> 1. An order requiring Defendants' immediate compliance with air safety and noise regulations as to altitude and airspeed on the SERFR and BRIXX flight paths;

---

[6] These airlines are United Airlines, Inc., Southwest Airlines Co., Virgin America Inc., American Airlines, Inc., Delta Air Lines, Inc., Korean Airlines Co. Ltd., Alaska Airlines, Inc., Jetblue Airways Corp., Asiana Airlines, Inc., China Airlines, All Nippon Airways Co., Ltd., and Nippon Cargo Airlines Co., Ltd. Schaefer Dkt. No. 1; McKay Dkt. No. 1 (naming United, Southwest, Virgin America, American, and Delta Airlines as defendants). Compañia Panameña de Aviacion, S.A. and United Cargo Airlines, Inc. were previously also defendants, but were dismissed. Schaefer Dkt. No. 66.

Case Nos. 16-cv-03561, 16-cv-03564 NC    4

2. An order prohibiting further use of the SERFR and BRIXX flight paths, and reversion to use of the BIG SUR flight path, at least until such time as impacts from the new flight paths, upon Plaintiffs and their communities, are appropriately studied and such impacts reasonably redressed by Defendants;

3. An award of monetary damages to Plaintiffs, compensating them for the various harms described above.

4. An award of attorneys' fees and costs to Plaintiffs; and,

5. Such other and further relief as the court may find appropriate.

McKay Dkt. No. 1 at 28-29; Schaefer Dkt. No. 1 at 20-21.

Airline defendants removed *McKay* and *Schaefer* from Santa Cruz County Superior Court on June 24, 2016, arguing the complaints raised a federal question, making federal subject matter jurisdiction over these cases appropriate. McKay & Schaefer Dkt. No. 1. All parties in both cases consented to the jurisdiction of a magistrate judge. McKay Dkt. Nos. 4, 16, 18, 26; Schaefer Dkt. Nos. 4, 16, 18, 24, 36, 56, 78. Plaintiffs move to remand. McKay Dkt. No. 61; Schaefer Dkt. No. 85. Defendant Airlines, City and County of San Francisco, and City of San Jose oppose remand, and each filed motions to dismiss the complaints in both cases. McKay Dkt. Nos. 12, 24, 27; Schaefer Dkt. Nos. 12, 33, 35,[7] 51. At the October 12, 2016 hearing, the Court granted the motion to consolidate these cases. October 12, 2016 Hearing Audio; Dkt. No. 50.

## II. DISCUSSION

### A. Removal of *McKay* and *Schaefer* Was Proper Because The Complaints Implicate Significant Federal Issues.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal jurisdiction lies where a plaintiff raises a federal question on the face of the complaint. 28 U.S.C. § 1331. A defendant may remove a case originally filed in state court to federal district court if the case could originally have been brought in federal court (i.e., if the complaint raises a federal question). 28 U.S.C.

---

[7] Defendants China Airlines, Ltd. and Asiana Airlines, Inc. were only sued in *Schaefer*, 16-cv-03564, not *McKay*, 16-cv-03561.

Case Nos. 16-cv-03561, 16-cv-03564 NC    5

§ 1441(a). Here, defendants[8] removed both cases under § 1441(a) because this court would have had original subject matter jurisdiction, as plaintiffs raise "state law claims in which significant, disputed federal issues are embedded." Dkt. No. 1 at 3. These issues include aviation safety, management of airspace, and control over aircraft noise. *Id*. Plaintiffs argue remand is proper because no federal issue existed on the face of the complaint, the claims were not "completely preempted," and defendants could still be sued for state law claims even if they complied with FAA regulations. Dkt. No. 61 at 4-7.

"[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (citing *Hopkins v. Walker*, 244 U.S. 486, 490-91 (1917)). Having federal jurisdiction lie over such issues "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law," to promote the uniformity a federal forum offers. *Id*. *Grable* provides that removal of a case pleading only state law claims is proper if (1) the "state-law claim necessarily raise[s] a stated federal issue;" (2) if that issue is "actually disputed;" (3) "substantial;" and (4) if that issue is one "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*. at 314.

Yet being required to interpret federal law is not enough to raise a substantial federal issue. *Victoria v. Metro. Life Ins.*, No. 09-cv-04179 CRB, 2010 WL 583946, at *1 (N.D. Cal. Feb. 16, 2010) (citing Civil Procedure Before Trial (Rutter Group) at 2:108). For purposes of *Grable*, a federal issue is one that involves a dispute regarding "the validity, construction or effect of federal law." *Grable*, 545 U.S. at 313 (*quoting Shulthis v. McDougal*, 225 U.S. 561, 569 (1912)) (internal brackets omitted).

---

[8] For the remainder of this order, the Court will refer to the documents filed before it in *McKay*, 16-cv-03561, unless the documents in *Schaefer*, 16-cv-03564, differ. The Court notes that many identical documents were filed by the parties in *McKay* and *Schaefer*. Plaintiffs' attorney is the same in both cases, and there is overlap in the attorneys for defendants in both cases. Further, the Court will refer to the *McKay* and *Schaefer* plaintiffs collectively as "plaintiffs."

Following *Grable*, the Supreme Court held that an insurance reimbursement claim did not raise a federal issue because it was not dispositive of the case, and would only govern that specific case. *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700-01 (2006). The Court formulated a test: a federal question exists if resolution of that question would both dispose of the case, and be controlling in numerous other cases. *See id.* at 700. No substantial federal issue will be found where a claim is "fact-bound and situation-specific." *Id*. *Ilczyszyn v. Sw. Airlines Co*. illustrates an application of *McVeigh*'s test as to whether a federal question exists. No. 15-cv-2768 EMC, 2015 WL 5157372 (N.D. Cal. Sept. 1, 2015). There, the court found no substantial federal issue raised in a wrongful death suit alleging failure to respond to a medical emergency. *Ilczyszyn*, 2015 WL 5157372, at *2. This is because the court found: "[t]hat the complaint makes reference to Defendants' improperly treating the situation as a security problem (thus potentially implicating TSA rules and regulations) does not make the claim dependent on a federal issue. Plaintiffs' claim for wrongful death can stand independently without implicating TSA rules and regulations." *Id*. (additionally noting that the federal regulations cited by the defendants would form a defense for defendant, not part of plaintiff's claims).

### 1. Plaintiffs' Claims Necessarily Raise a Federal Issue.

In the removal papers, airline defendants argue that plaintiffs raise claims in which "significant, disputed federal issues are embedded." Dkt. No. 1 at 3. According to airline defendants, these issues include aviation safety, management of national navigable airspace, and control over aircraft noise in that airspace. *Id*. The Court does not agree with airline defendants' argument. However, in their opposition to the motion to remand, these same defendants point out that "the remedies plaintiffs seek require nothing short of a reassessment, reevaluation and revamping of the NorCal OAPM order." Dkt. No. 71 at 4. San Francisco also argues plaintiffs' claims are "inescapably intertwined" with a collateral attack on an FAA order. Dkt. No. 72 at 7. The Court does agree with these assertions.

Case Nos. 16-cv-03561, 16-cv-03564 NC     7

A federal issue is raised on the face of the complaint. Plaintiffs complain that the use of the flights paths interferes with their "use and enjoyment of their properties," and pray for enjoinment of the flight paths' use. Dkt. No. 1 at 25, 28-29. A request to enjoin the use of the flight paths after the FAA's approval is tantamount to asking the Court to second guess the validity of the FAA's decision. The Court may not do so. The FAA "has exclusive sovereignty of airspace of the United States," and the Administrator has the duty to "prescribe air traffic regulations on the flight of aircraft." 49 U.S.C. § 40103(a), (b)(2). Here, Vice President of Mission Support Services Ray signed the FONSI/ROD, which found that the NorCal OAPM project—which approved the BRIXX and SERFR flight paths—would not have significant environmental impacts. As to judicial review of that decision, the document states:

> This FONSI/ROD constitutes a final order of the FAA Administrator and is subject to exclusive judicial review under 49 U.S.C. § 46110 by the U.S. Circuit Court of Appeals for the District of Columbia or the U.S. Circuit Court of Appeals for the circuit in which the person contesting the decision resides or has its principal place of business. Any party having substantial interest in this order may apply for review of the decision by filing a petition for review in the appropriate U.S. Court of Appeals no later than 60 days after the order is issued in accordance with the provisions of 49 U.S.C. § 46110.

Therefore, because the FONSI/ROD was a final decision of the FAA Administrator, a collateral challenge to the FONSI/ROD constitutes a challenge to the FAA's rulemaking under 49 U.S.C. § 40103(b)(2). Therefore, to entertain plaintiffs' request that the Court enjoin the usage of BRIXX and SERFR pending a review to plaintiffs' own satisfaction—after an already extensive review by the agency—challenges the validity of the FAA's actions and its observance of its statutory mandate. This Court may not entertain such a challenge under *Grable*.

**2. The Federal Issue is Actually Disputed.**

The Court finds that the authorization of BRIXX and SERFR is the but-for cause of this litigation. Plaintiffs' Prayer for Relief and allegations in the complaints make evident that the validity of approving the flight paths is actually in dispute. *Grable*, 545 U.S. at

Case Nos. 16-cv-03561, 16-cv-03564 NC     8

314.

### 3. The Federal Issue is Substantial.

For the federal issue to be substantial, the Court must look beyond its importance to the parties in the case before it, and look "instead to the importance of the issue to the federal system as a whole." *Gunn v. Minton*, 133 S. Ct. 1059, 1066 (2013). The federal issue is substantial because plaintiffs' state law claims, if granted the relief requested, would create a means for litigants to avoid the jurisdiction of the federal circuit courts under 49 U.S.C. § 46110 by collaterally attacking a final decision of the FAA in the district courts.

### 4. Subject to 49 U.S.C. § 46110, These Cases May Be Removed Without Disturbing Any Congressionally Approved Balance of Federal and State Judicial Responsibilities.

Even if an issue meets the first three elements of *Grable*, "removal is subject to a 'possible veto' where exercising federal jurisdiction is not 'consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (quoting *Grable*, 545 U.S. at 313). To determine the boundaries of § 1331, a court must make "sensitive judgments about congressional intent, judicial power, and the federal system." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986); *see also Bank of Am. Corp.*, 672 F.3d at 675-76. Lastly, removal must "serve an overriding federal interest." *Bank of Am. Corp.*, 672 F.3d at 676 (internal citations, quotation marks, and brackets omitted).

As already noted, the removal of this case is based on plaintiffs' collateral challenge to the final decision of the FAA to, among other things, approve BRIXX and SERFR. Plaintiffs' arguments suggesting the defendants "need not use the flight paths at all," and if they do must provide the "unreasonably and adversely affected" plaintiffs with "just compensation" underscores this point. Dkt. No. 73 at 4. Plaintiffs' alternative suggestion that if the flight paths continued to be used, defendants should "adopt measures" to mitigate the damages to plaintiffs likewise make clear these lawsuits challenge BRIXX and

Case Nos. 16-cv-03561, 16-cv-03564 NC     9

SERFR as approved by the FAA. *Id*. The FAA already authorized the use of the flight paths, and demanding "just compensation" for their usage, compensation for past harms, or asking the FAA to adopt additional measure to mitigate any damages to plaintiffs *does* challenge the propriety FAA's rulemaking and final decision. *Id*.; Dkt. No. 1 at 29.

Retaining this case in federal court instead of remanding would not disturb the balance of power between the federal government and the states. Indeed, retaining it would reinforce the proper division between state and federal regulation of air flight, and the procedure for bringing grievances before a federal agency. If the Court were to remand this case to state court, that court would not merely be interpreting and applying federal law, it would potentially be examining the validity of federal regulations and a final agency decision.

### 5. Plaintiffs' Other Arguments Against Removal Are Unpersuasive.

In support of their motion to remand, plaintiffs cite to 49 U.S.C.App. § 1506, now 49 U.S.C. § 40120(c), to argue that even if defendants are in compliance with the FAA's regulations, they are still liable to plaintiffs for damages. Dkt. No. 61 at 7-8. Section 40120(c), the FAA's "savings clause," states: "A remedy under this part is in addition to any other remedies provided by law." The problem with this argument is that plaintiffs' claims do not "seek to use a state-law remedy for a breach of a federally prescribed standard of behavior." *Nat'l Fed'n of the Blind v. United Airlines Inc.*, 813 F.3d 718, 731 (9th Cir. 2016) (citing *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1007 (9th Cir. 2013)). In such a circumstance, the savings clause *would* apply. *Id*. Instead, plaintiffs seek to use state law claims and remedies to challenge the final decision of the FAA. As a result, § 40120 is inapposite here.

Lastly, plaintiffs repeatedly cite to *Bearse v. Port of Seattle*, to support the motion to remand. No. 09-cv-0957 RSL, 2009 WL 3066675 (W.D. Wash. Sept. 22, 2009); Dkt. No. 61 at 4-5. In *Bearse*, a group of homeowners sued the Port of Seattle, contending that the addition of a third runway at the Sea-Tac Airport diminished their properties values, entitling them to damages and an injunction. *Bearse*, 2009 WL 3066675, at *1. There, the

court remanded the case to state court, finding that the plaintiffs' claims were neither completely preempted," nor did they arise under federal law. *Id*. at *4. *Bearse* is unpersuasive for three reasons. First, for purposes of this case, that court's examination of complete preemption is irrelevant. Defendants removed this case from state court based on *Grable*, not on the grounds of complete preemption, which the Court in *Bearse* properly found did not exist for cases arising from the Federal Aviation Act, Noise Control Act of 1972, or the Airline Deregulation Act of 1978. *Id*. at *3-*4. Second, *Bearse* does not influence the Court's application of the *Grable* framework to this case because that opinion unduly narrowed *Grable*'s holding without first engaging in the inquiry to determine if a substantial federal issue was raised. *Id*. at *4. Lastly, the facts in this case are easily distinguished from those in *Bearse*, where homeowners challenged the airport's addition of a runway to the airport and flights above their homes. *Id*. at *1. Here, the origin of flights cannot be traced to the municipal defendants; rather, the culprit of plaintiffs' alleged harms is the FAA.

Accordingly, because plaintiffs seek judicial review of a substantial and actually disputed federal issue that does not disturb any Congressionally-approved balance of power between federal and state judicial responsibilities, the Court finds removal of the cases to federal district court was proper. *Grable*, 545 U.S. at 314. The motion to remand is DENIED.

**B.     The Ninth Circuit or D.C. Circuit Are The Only Courts That May Hear This Case.**

Though the Court finds removal proper because the face of the complaint reveals a substantial federal issue, the Court must also consider whether its jurisdiction is displaced by 49 U.S.C. § 46110, which gives the federal courts of appeal exclusive jurisdiction to "affirm, amend, modify, or set aside any part of" a final FAA order. 49 U.S.C. § 46110(a), (c); *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 (9th Cir. 2006). All defendants argue that § 46110 displaces the Court's jurisdiction. McKay Dkt. Nos. 12 at 2-3, 24 at 17-18, 27 at 11-13; Schaefer Dkt. No. 35 (China Airlines, Ltd. and Asiana Airlines, Inc.'s motion

Case Nos. 16-cv-03561, 16-cv-03564 NC     11

to dismiss). Airline defendants further argue the allegations in the complaint "are inescapably intertwined" with the FAA order, and thus the Court lacks subject matter jurisdiction. Dkt. No. 24 at 9. The airlines liken this case to *Krauss v. F.A.A.*, No. 15-cv-05365 HRL, Dkt. No. 53, 2016 WL 1162028 (N.D. Cal. Mar. 24, 2016), a case recently decided in this district, in which municipal defendants and the FAA were sued for state law tort violations related to the same routes challenged here. There, Magistrate Judge Howard R. Lloyd dismissed the case for lack of subject matter jurisdiction, because under 49 U.S.C. § 46110 only federal appellate courts have jurisdiction over challenges to final FAA orders. *Id*. at *4.

Section 46110 provides that persons with a substantial interest in an order issued by the FAA "may apply for review of the order" by petitioning the U.S. Court of Appeals for the District of Columbia or the U.S. Court of Appeals for the circuit where the person resides or has its principal place of business. 49 U.S.C. § 46110(a). "The Federal Aviation Act gives the federal circuit courts 'exclusive jurisdiction' over requests 'to affirm, amend, modify, or set aside' the FAA's finalized domestic aviation regulations." *Krauss*, 2016 WL 1162028, at *3 (citing 49 U.S.C. § 46110 and *Americopters*, 441 F.3d at 732).

However, just as circuit courts do not have exclusive jurisdiction over *every* claim involving the FAA under § 46110, they also cannot grant every type of remedy. *Americopters*, 441 F.3d at 735. Damages are not a remedy under § 46110, so the district court "may have residual jurisdiction" if the circuit court may not hear a claim. *Id*. (citing *Mace v. Skinner*, 34 F.3d 854, 858 (9th Cir. 1994). However, *Crist v. Leippe*, clarified that the district court may retain an appeal that "broadly challenge[s] the constitutionality of the FAA's action," but that where the appeal is "inescapably intertwined with a review of the procedures and merits surrounding the FAA's order," the district court is barred from hearing the claim. 138 F.3d at 801, 803 (9th Cir. 1998) (quoting *Mace*, 34 F.3d at 858). The rationale for prohibiting the district courts from hearing such a claim is to "prevent litigants from using a damages claim as a collateral attack on [an] FAA order."

Case Nos. 16-cv-03561, 16-cv-03564 NC   12

*Americopters*, 441 F.3d at 736, 738 (a rationale for the "collateral attack doctrine" is preventing the evasion of administrative procedures).

The potential distinction between this case and *Krauss* is that plaintiffs deny they challenge the validity of the FAA order authorizing the flight paths. Dkt. No. 61 at 7. Plaintiffs claim they "challenge the Defendants' own actions and inaction, without regard to whether or not they comply with FAA orders." *Id.*

Plaintiffs' claims do not at first blush implicate a federal question in themselves, such as that defendants "direct and/or encourage" the planes to fly too fast and below the designated floor. Yet context is critical. The intertwining of the federal issue is made plain by the allegation in the complaints that plaintiffs must weekly endure "hundreds or thousands" of flights over their homes at all hours, "which create unbearably frequent and severe noise and vibration disturbances, pollution from the aircraft, and risk of midair collision." Dkt. No. 1 at 25. The genesis of these complaints is the flight paths, and so plaintiffs' state law claims *are* "inescapably intertwined with a review of the procedures and merits surrounding" the FONSI/ROD. *See Crist*, 138 F.3d at 803. Thus, this Court may not entertain plaintiffs' state law claims for nuisance, negligence, negligence per se, willful misconduct, and unfair competition. The Court need not reach defendants' other arguments in the motions to dismiss.

The cases plaintiffs cite in rebuttal miss the point. Dkt. No. 73 at 3-4. *Elsworth v. Beech Aircraft Corp.*, 37 Cal. 3d 540, 549 (1984), for example, was a wrongful death suit where the court found the state could apply its own laws in tort actions against aircraft manufacturers even though federal law completely preempted that field, in part because there was "no irreconcilable conflict between federal and state standards." Similarly, in *Baker v. Burbank-Glendale-Pasadena Airport Auth.*, 39 Cal. 3d 862, 872 (1985), the court found state law damage remedies remained available against an airport proprietor though federal law precluded interference with commercial flight patterns and schedules. In neither of these cases were plaintiffs directly or "collaterally" challenging a final decision of the FAA, even though both cases involved aviation.

Case Nos. 16-cv-03561, 16-cv-03564 NC       13

Lastly, the Court notes that San Francisco cited Federal Rule of Civil Procedure 19 to argue that the FAA is an indispensable party to this action. Dkt. No. 66 at 9. Because the Court finds that 49 U.S.C. § 46110 by itself deprives the Court of jurisdiction, the Court does not reach the Rule 19 argument.

Accordingly, the Court DISMISSES *McKay* and *Schaefer* for lack of subject matter jurisdiction.

### C.  Granting Plaintiffs Leave To Amend Would Be Futile.

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once "as a matter of course" within 21 days of serving it or within 21 days after a response has been filed. After this period, amendment is allowed with leave of court. Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires," but need not do so if amendment would be futile. *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The gravamen of plaintiffs' complaints is the objection to the FAA-approved flight paths. Regardless of the attempt to artfully plead state law claims, the Court could not grant plaintiffs relief because the Court lacks jurisdiction to issue an order enjoining aircraft from flying over their homes. Plaintiffs' state law claims are inescapably intertwined with a substantial federal issue. As a result, the Court finds giving plaintiffs leave to amend would be futile. *Foman*, 371 U.S. at 182.

## III.  CONCLUSION

Because the Court finds removal was proper, the Court DENIES plaintiffs' motions to remand. However, the Court also finds it ultimately lacks subject matter jurisdiction over plaintiffs' claims under 49 U.S.C. § 46110. Accordingly, the Court dismisses this case in its entirety for lack of subject matter jurisdiction WITHOUT LEAVE TO AMEND. The Court will enter judgment and ORDERS the Clerk of the Court to terminate this case.

**IT IS SO ORDERED.**

Dated:  December 23, 2016                    _____
                                             NATHANAEL M. COUSINS
                                             United States Magistrate Judge

Case Nos. 16-cv-03561, 16-cv-03564 NC       14